IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| CORN ADVANTAGE COOPERATIVE, ) | |
| ) | Bankruptcy No. 09-01222 |
| Debtor. ) | |

**ORDER RE: TRUSTEE'S FINAL REPORT (Doc. 72); MOTION FOR ALTERNATE DISPOSITION OF ESTATE ASSETS (Doc. 76)**

This matter came before the undersigned on June 21, 2012 in Sioux City, Iowa. Attorney Wil Forker appeared as Chapter 7 Trustee. Attorney Peter Leo appeared on behalf of Cooperative Credit Company ("CCC"). Attorney John Schmillen appeared for the U.S. Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Cooperative Credit Company ("CCC") objects to Trustee's proposal to allow the bankruptcy estate's interest in a partnership to revert to Debtor through technical abandonment after the closing of the case. It requests that Trustee allow CCC to purchase the interest. Trustee and U.S. Trustee object to CCC's alternate disposition of the asset. They wish to avoid a sale which would be a taxable event, requiring preparation of another tax return and raising issues of tax liability. The Court concludes that a § 363 sale is not in the best interest of the bankruptcy estate. Therefore, CCC's Objection to Trustee's Final Report and Motion for alternate

disposition are overruled. Trustee is directed to abandon the estate's interest through a Notice of Abandonment under § 554(a) rather than through technical abandonment under § 554(c).

## BACKGROUND

Trustee filed a Final Report on May 10, 2012. CCC and Primebank filed objections. Trustee and Primebank came to an agreement and Primebank withdrew its objection on July 17, 2012.

One of the assets of the bankruptcy estate is Debtor's ownership interest in North Dakota Sow Center, LLLP, a partnership. Trustee has not administered this asset for the bankruptcy estate because its value, approximately $500,000 or $600,000, is less than CCC's secured claim totaling over $1 million. Trustee's Final Report makes it apparent that he intends to abandon the estate's interest in North Dakota Sow through a technical abandonment under § 554(c) at the closing of the case.

CCC filed an Objection to the Final Report and a Motion for an alternate disposition of the estate's interest in North Dakota Sow. In its Motion, it requests that Trustee abandon the asset directly to CCC. At the hearing and in its Brief, CCC requests the Court to direct Trustee to sell the asset to CCC under § 363(b). It argues such a sale would not produce taxable gain to the bankruptcy estate. CCC is concerned about its ability to enforce its lien on the asset after the case closes because Debtor is no longer doing business.

The U.S. Trustee comments that the IRS and the Iowa Department of Revenue may take a different view of the tax implications of a sale. If CCC is allowed to purchase the estate's interest in North Dakota Sow, it should be required to

2

reimburse the estate for any administrative expenses including tax obligations and the cost of preparing tax returns.

Trustee asserts that either abandoning the asset or selling the asset to CCC would be a taxable event, exposing the bankruptcy estate to tax liability and the cost and delay of preparing additional tax returns. In addition, the transaction would be further complicated by another creditor's junior lien on the asset. CCC's proposals will have a negative impact on unsecured creditors. CCC can enforce its security agreement through state court remedies.

## CONCLUSIONS OF LAW

The Bankruptcy Code requires a Chapter 7 trustee to expeditiously liquidate or abandon property of the estate. 11 U.S.C. § 704(a); In re Groves, 120 B.R. 956, 966 (Bankr. N.D. Ill. 1990). The only concern of the trustee in determining whether to abandon an asset is whether it would be in the best interest of the estate. In re Nevin, 135 B.R. 652, 653 (Bankr. D. Hawaii 1991). Generally, in ruling on a creditor's objection to a trustee's abandonment of assets, "the court need only find that the trustee made: (1) a business judgment; (2) [] in good faith; (3) upon some reasonable basis; and (4) within the trustee's scope of authority." In re Fulton, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993). An order approving abandonment has been found to be in error only where the record demonstrated a clear benefit to the estate from administration, rather than abandonment, of the property. In re Nelson, 251 B.R. 857, 859 n.3 (B.A.P. 8th Cir. 2000).

Likewise, if it is in the best interest of the estate, the court may approve a sale of estate property outside the ordinary course of business under §363. In re Meill, 441 B.R. 610, 615 (B.A.P. 8th Cir. 2010). Courts have wide discretion with respect

3

to sales of property of the estate.  Id.  As noted by the parties, the Eighth Circuit has held that abandonment of property of the estate "is not a sale or exchange, and thus is not a taxable event which gives rise to a tax liability of the estate."  In re Olson, 930 F.2d 6, 8 (8th Cir. 1991).

CCC argues that the estate's interest in North Dakota Sow should not revert to Debtor through abandonment because Debtor is no longer doing business and has been administratively dissolved by the Iowa Secretary of State after it failed to file a 2010 Biennial Report.  The Court notes that, under Iowa law, this type of dissolution is not enough to deprive corporate creditors from pursuing collection through court action and judgment.  See Britten v. Sheridan Oil Co., 217 N.W. 800, 802 (Iowa 1928).

Bankruptcy courts have cited legislative history to find that upon abandonment under § 554(a), the property reverts to the party with the possessory interest.  In re Malden Mills Indus., Inc., 303 B.R. 688, 700 (B.A.P. 1st Cir. 2004).  The party with the right to possession of the asset at the filing of the bankruptcy case will have the same possessory rights when the asset is abandoned.  In re Popp, 166 B.R. 697, 699 (Bankr. D. Neb. 1993).  Unlike the other provisions of § 554, however, subsection (c) specifies that property "not otherwise administered at the time of the closing of the case is abandoned to the debtor."  11 U.S.C. § 554(c) (emphasis added).

## ANALYSIS

Based on the foregoing, the Court concludes that ordering Trustee to abandon or sell the estate's interest in North Dakota Sow to CCC is not in the best interest of the bankruptcy estate.  Such a transfer would be a taxable event which would

4

provide no benefit to the estate.   Rather, it would expose the estate to potential tax liability.   The estate would also be required to expend time and funds to prepare additional tax returns.

The Court is mindful, however, of CCC's concerns regarding Debtor's current status in light of the Secretary of State's administrative dissolution.   A trustee's abandonment of estate property generally returns possession of the property to the party with a right to possession at the filing of the case.   It is arguable that a technical abandonment under § 554(c) allows the asset to revert only to the debtor, rather than the proper party entitled to possession.   In this case, a Notice of Abandonment under § 554(a) would avoid that potential consequence of a technical abandonment.   This will result in a delay in closing the estate of no more than 21 days to allow for notice as required under Local Rule 6004-1(b).

**WHEREFORE**, Cooperative Credit Company's Motion for Alternate Disposition of Estate Assets and Objection to Trustee's Final Report are OVERRULED.

**FURTHER**, Trustee is directed to file a Notice of Abandonment under § 554(a) of the estate's interest in North Dakota Sow Center, LLLP with notice as required by Local Rule 6004-1(b).

**FURTHER**, Trustee's Final Report is APPROVED.

Dated and Entered: September 14, 2012

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

5